IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CYNTHIA HEWITT**,

**Plaintiff,**

v.

**CASEY'S GENERAL STORES INC. and
CASEY'S RETAIL COMPANY,**

**Defendants.**                                                  **No. 13-1161-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

      This matter comes before the Court for case management.  A review of the notice of removal and the amended complaint reveals that the parties' allegations regarding plaintiff's citizenship are inadequate.  The notice of removal states: "As a resident of the State of Illinois, Plaintiff is a citizen of Illinois…" and the amended complaint alleges that she is resident of Madison County, Illinois.  "[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of [diversity] jurisdiction."  *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino,* 299 F.3d 616, 617 (7th

Cir. 2002). *See also Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir. 2000) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."); *Held v. Held,* 137 F.3d 998, 1000 (7th Cir. 1998) (same).

Thus, the Court **DIRECTS** defendants to brief the jurisdictional basis on or before December 15, 2013. The failure to sufficiently demonstrate that subject matter jurisdiction exists will result in the *sua sponte* remand of this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 15th day of November, 2013.

David R. Herndon
2013.11.15
10:08:53 -06'00'

**Chief Judge**
**United States District Court**